IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LOGAN BAILEY LAWRENCE, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:23-CV-007-Z-BR |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY RELIEF**

Petitioner, Logan Bailey Lawrence, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. Having considered the motion, the response, the reply, the record, and applicable authorities, the undersigned concludes that relief should be DENIED.

**BACKGROUND**

The record in the underlying criminal case, No. 2:20-CR-014-Z, reflects the following:

On February 27, 2020, Petitioner was named in a nineteen-count indictment, charging her in count one with conspiracy to distribute and possess with intent to distribute one kilogram and more of a mixture and substance containing a detectable amount of heroin, 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, and 50 grams and more of methamphetamine (actual), in violation of 21 U.S.C. § 846, and in count two with distribution and possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). (CR ECF 3). Petitioner initially entered a plea of not guilty. (CR ECF 216). She later signed a written plea agreement (CR ECF 243) and a factual resume (CR ECF 244).

Pursuant to the plea agreement, Petitioner agreed to plead guilty to count two of the indictment and the government agreed to dismiss any remaining charges against her and not to bring any additional charges based on conduct underlying and related to the plea agreement. (CR ECF 243, ¶¶ 2, 9). The plea agreement set forth that Petitioner faced imprisonment for a period of not less than ten years or more than life. (*Id.* ¶ 3). Further, the agreement reflected that Petitioner understood her sentence would be determined by the Court and that, although she had reviewed the guidelines with counsel, no one could predict what her sentence might be. (*Id.* ¶ 5). The factual resume set forth the elements of the offense charged in count two and the stipulated facts establishing that Petitioner had committed the offense. (CR ECF 244).

On October 13, 2020, Petitioner entered her plea of guilty to count two of the indictment. (CR ECF 278). Petitioner testified under oath at rearraignment that: she had read, understood, and discussed with her attorney the charges in the indictment; she was satisfied with her attorney, his representation and advice; she had read, understood, and discussed with her attorney the plea agreement and supplement and signed them; there were no other promises or agreement that she was relying on to plead guilty; no one had threatened or attempted to force her to plead guilty; she was pleading guilty voluntarily and of her own free will because she was guilty; she understood that she faced a term of imprisonment of ten years to life; no one had made any promise as to what her sentence might be; she understood that only the district judge would determine the sentence; she understood that even though her attorney had given an opinion about the effect of the guidelines, no one could predict the sentence and that the district judge could impose a sentence more severe than what was called for under the guidelines and she would be bound by that sentence; she was giving up her right to appeal except in limited circumstances; she had read, understood, and signed the factual resume and everything in it was true and correct. (CR ECF 565).

The undersigned issued a report and recommendation that the plea by accepted. (CR ECF 279). No objections were filed and the Court accepted the recommendation. (CR ECF 317).

The probation officer prepared the presentence report ("PSR"), which reflected that Petitioner's base offense level was 38. (CR ECF 347, ¶ 49). She received a two-level enhancement for importation, (*id.* ¶ 50), and a four-level enhancement for role as organizer or leader. (*Id.* ¶ 52). She received a two-level and a one-level adjustment for acceptance of responsibility. (*Id.* ¶¶ 56, 57). Based on a total offense level of 41 and a criminal history category of V, her guideline imprisonment range was 360 months to life. (*Id.* ¶ 102). Petitioner filed objections, (CR ECF 379), and the probation officer prepared an addendum to the PSR. (CR ECF 398). Petitioner again filed objections. (CR ECF 411). Petitioner and the government filed a joint sentencing memorandum including a request for departure or variance. (CR ECF 425). The memorandum reflected that the government would recommend a sentence of 300 months and that Petitioner would ask for a sentence of 240 months. (*Id.* at 3).

The Court sentenced Petitioner to a term of imprisonment of 360 months. (CR ECF 448). At sentencing, the Court overruled Petitioner's objections to the PSR. The Court also denied the request for departure and variance. The Court complimented Petitioner's counsel, saying that he had admirably served his client. (CR ECF 512 at 40). Further, although inclined to impose a sentence of 400 months, the Court was persuaded by counsel, argument, and allocution, to impose a sentence of 360 months.  (*Id.* at 66). The Court concluded by noting that "today was your lucky [day]," as the Court was "very much persuaded by [Petitioner's] attorney." (*Id.* at 74).

Despite having waived her right to do so, Petitioner filed a notice of appeal. (CR ECF 461). The United States Court of Appeals for the Fifth Circuit dismissed the appeal. *United States v. Lawrence*, No. 21-10195, 2021 WL 5627094 (5th Cir. Aug. 24, 2021). The United States Supreme

Court denied her petition for writ of certiorari. *Lawrence v. United States*, 142 S. Ct. 828 (2022).

## GROUND OF THE MOTION

Petitioner sets forth one ground in support of her motion. Her allegation appears to be that she received ineffective assistance of counsel because her attorney (1) misadvised her regarding her sentencing exposure; (2) failed to inform her that he would request a 240-month sentence in a joint memorandum with the government; and (3) misadvised her that, if she withdrew her plea and went to trial, she would receive a life sentence. (ECF 2 at 7, 13–14[1]).

## STANDARDS OF REVIEW

**A.  28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974);

---

[1] The reference is to "Page ___ of 18" reflected at the top right portion of the document on the Court's electronic filing system as the pages of the document are not consecutively numbered.

*United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

Petitioner's grounds are vague and conclusory and fail to raise a constitutional issue. *See*

*United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (although pleadings of *pro se* litigants are liberally construed, they must still provide sufficient facts in support of their claims). In particular, conclusory allegations of ineffective assistance of counsel do not raise any constitutional issue in a federal habeas proceeding. *Miller*, 200 F.3d at 282. The petitioner must plead and prove the particular professional failure. *Knighton v. Maggio*, 740 F.2d 1344, 1349 (5th Cir. 1984). Here, although Petitioner alludes to her plea being involuntary, she has not shown that such is the case. And, in any event, the record belies the contention.

Petitioner testified under oath at rearraignment that she understood that she was subject to a sentence of life imprisonment; that no one had made any promise as to what her sentence would be; that no one could predict what her sentence would be and that, even though she had discussed with counsel what her potential sentence might be, she understood that his estimate was not binding and did not constitute a promise; and, the Court could impose a sentence above the guideline range. (CR ECF 565). Petitioner's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, her plea agreement and factual resume are entitled to that presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). She has not produced any independent indicia of the likely merits of her present allegations to refute her sworn testimony. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (typically, affidavits from reliable third parties are required).

A plea is not rendered involuntary because of a defendant's mere subjective understanding that she would receive a lesser sentence or based on an erroneous estimate by counsel of the length of sentence. *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *abrogated on other grounds*, *Glover v. United States*, 531 U.S. 198 (2005); *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). A prediction, prognosis, or statement of probabilities does not constitute an actual promise.

*Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989). And, a defense lawyer's stern warnings about a client's chances of success at trial, the potential for prison time, and the lawyer's potential withdrawal do not compromise the voluntariness of a plea. *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002).

Even if Petitioner could show that her counsel's conduct fell below an objective standard of professional reasonableness, and she cannot, she has not shown that she was prejudiced as a result. In a case like this one, where Petitioner entered a guilty plea, she must show that there is a reasonable probability that, but for counsel's errors, she would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Outside Petitioner's *ipse dixit*, there is no reason to believe that she would have insisted on going to trial. *Lee v. United States*, 582 U.S. 357, 369 (2017) ("Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies."). Instead, courts look to contemporaneous evidence to substantiate the defendant's expressed preferences. *Id.*; *United States v. Valdez*, 973 F.3d 396, 402–03 (5th Cir. 2020). But, Petitioner has presented nothing and the record does not reflect that she would have gone to trial. The transcript of the rearraignment clearly reflects that Petitioner's plea was knowing, voluntary, and intelligent. At no time did she express any dissatisfaction with her attorney or move to have him withdrawn. Rather, she accepted the benefit of the government's agreement not to bring additional charges and to dismiss the remaining count of the indictment. If Petitioner disagreed with counsel's argument that a sentence of 240 months would be proper, she never said a word. As the Court noted at sentencing, she received the benefit of counsel's admirable work even though counsel did not prevail on his arguments.

Finally, to the extent that Petitioner alludes to a wish to have withdrawn her plea, even if there had been a basis for filing a motion to withdraw the guilty plea, and there was not, she has made no attempt to show that she was prejudiced. At no time has she asserted her innocence or set forth a viable defense to the charges against her.[2] A defendant has no absolute right to withdraw a guilty plea prior to imposition of sentence. *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984). Rather, she must demonstrate "a fair and just reason" for withdrawing the plea. *United States v. McKnight*, 570 F.3d 641, 645–46 (5th Cir. 2009). In determining whether to allow withdrawal of a plea, the Court considers: (1) whether the defendant has asserted her innocence; (2) whether the government would suffer prejudice by the withdrawal; (3) whether the defendant delayed in filing her withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available at the time of the guilty plea; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343–44. Here, as stated, Petitioner does not proclaim her innocence. Nor has she made any attempt to show that she could meet any of the factors.

## **RECOMMENDATION**

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Logan Bailey Lawrence, be DENIED.

---

[2] At sentencing, Petitioner simply apologized and admitted that she had made "major mistakes." (CR ECF 512 at 59).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on October 10, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).